**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | | |
|---|---|---|
| **ROBERT L. DRUMMOND** and **JAN A. CARLSON**, Individually and on behalf of all others similarly situated | § § § § § § § § § § § § § § § | Civil Action No. 22-CV-338 |
| *Plaintiffs*, | | **JURY TRIAL DEMANDED** |
| v. | | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.** | | |
| *Defendant.* | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs—Robert L. Drummond ("Drummond") and Jan A. Carlson ("Carlson")—bring this action against Defendant—American Family Mutual Insurance Company, S.I. ("American Family")—for themselves individually and on behalf of all current and former Physical Damage Adjusters (collectively, "Plaintiffs and the Putative Class Members") who worked for American Family, anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). Plaintiffs' FLSA claims are asserted individually and as a collective action under the FLSA, 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.     Plaintiffs and the Putative Class Members are those persons who worked for American Family as Physical Damage Adjusters who assessed damage to insured property, used American Family's software to estimate damages, checked the status of repairs, and/or communicated with insureds during the repair process, and whose job titles include without limitation Physical Damage Adjusters and/or Senior Physical Damage Adjusters, and who worked for American Family anywhere in the United States, at any time during the relevant statutes of limitation, through the final disposition of this matter, and have not been paid all overtime required by state and federal law.

3.     Although Plaintiffs and the Putative Class Members routinely worked (and continue to work)[1] in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.     The decision by American Family not to pay overtime compensation to Plaintiffs and the Putative Class Members was neither reasonable nor in good faith.

5.     During the relevant time period, American Family knowingly and deliberately failed to pay Plaintiffs and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek on a routine and regular basis during the relevant time periods.

6.     Plaintiffs and the Putative Class Members did not perform work that meets the definition of exempt work under the FLSA or Wisconsin state law.

7.     American Family knowingly and deliberately misclassified Plaintiffs and the Putative Class Members as exempt employees not entitled to overtime compensation.

---

[1] Because of the ongoing nature of the conduct complained of, further references in the Complaint to past circumstances also include present circumstances.

8.     Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.     Plaintiffs request that all similarly situated workers (Putative Class Members) be notified of this action, apprised of their rights, and provided an opportunity to opt-in to this action.

10.    Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiffs Drummond be designated as the Class Representatives for the Wisconsin Class.

## II.
## THE PARTIES

11.    Plaintiff Robert L. Drummond ("Drummond") has been employed by American Family as a Physical Damage Adjuster in Wisconsin during the relevant time period. Plaintiff Drummond did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek during this time.[2]

12.    Plaintiff Jan A. Carlson ("Carlson") has been employed by American Family as a Physical Damage Adjuster in Minnesota during the relevant time period. Plaintiff Carlson did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek during this time.[3]

13.    The FLSA Collective Members are those persons who worked for American Family as salaried Physical Damage Adjusters who assisted with the process of receiving and processing claims under American Family insurance policies, and whose job titles include without limitation Physical Damage Adjuster and/or Senior Physical Damage Adjuster, anywhere in the United States, and at any

---

[2] The written consent of Robert L. Drummond is attached hereto as Exhibit "A."
[3] The written consent of Jan A. Carlson is attached hereto as Exhibit "B."

time from June 10, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

14. The Wisconsin Class Members are those current and former Physical Damage Adjusters Claims Generalist Associates who were employed by American Family in Wisconsin, at any time from June 17, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

15. Defendant—American Family Mutual Insurance Company, S.I.—is a domestic insurance company organized under Wisconsin law, headquartered in Wisconsin, and licensed to do business in the state of Wisconsin. American Family may be served via its registered agent, Corporate Service Company at **8040 Excelsior Dr., Ste. 400, Madison, Wisconsin 53717-2915.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. Plaintiffs and the Putative Class Members have entered into no arbitration agreements that would defeat or affect the Court's subject-matter jurisdiction.

18. This Court has supplemental jurisdiction over the additional Wisconsin law claims pursuant to 28 U.S.C. § 1367.

19. This Court has general and specific personal jurisdiction over American Family because Wisconsin qualifies as its home state and because Plaintiffs and the Putative Class Members' claims arose within this district as a result of American Family's conduct within this District and Division.

20. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, American Family's corporate headquarters are located in Madison, Wisconsin which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

22. Defendant American Family provides vehicle, property, life, and commercial insurance products to customers throughout the United States.

23. To provide its services, American Family employed (and continues to employ) numerous Physical Damage Adjusters—including Plaintiffs and the Putative Class Members. While exact job titles may differ, the employees who worked as Physical Damage Adjusters and/or Senior Physical Damage Adjusters were subjected to the same or similar illegal pay practices for similar work throughout the United States.

24. Plaintiff Drummond was employed by American Family in Wisconsin from May of 2018 until December of 2021.

25. Plaintiff Drummond worked as a Physical Damage Adjuster throughout his employment with American Family.

26. Plaintiff Carlson was employed by American Family in Minnesota from April of 2019 until December of 2020.

27. Plaintiff Carlson has worked as a Physical Damage Adjuster throughout his employment with American Family.

28. Plaintiffs and the Putative Class Members were properly classified as employees by American Family but misclassified as exempt from overtime compensation during the relevant time-period.

29. Importantly, none of the FLSA exemptions relieving a covered employer (such as American Family) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Class Members.

30. Moreover, Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure, and (as detailed below) the compensation policies of American Family resulting in the complained of FLSA and Wisconsin law violations.

31. Plaintiffs and the Putative Class Members were all paid a salary but no overtime.

32. Plaintiffs and the Putative Class Members conducted their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by American Family.

33. Specifically, Plaintiffs and the Putative Class Members prepared repair estimates and loss evaluations, communicated with customers, assessed damage to insured property, determined the time and cost involved in repairs or replacement, and generally documented the repair process.

34. Plaintiffs and the Putative Class Members all performed the same primary duties nationwide regardless of their specific job title or location.

35. They are uniformly trained by American Family, and all abide by the same policies and procedures, regardless of their specific job title or location.

36. Plaintiffs and the Putative Class Members completed their work within designed parameters and in accordance with pre-determined plans created by American Family.

37. Plaintiffs and the Putative Class Members were not permitted to deviate from these parameters or plans and did not exercise discretion and independent judgment with respect to matters of significance.

38. Specifically, Plaintiffs and the Putative Class Members had to follow and apply American Family's well-established procedures for processing insurance claims.

39. Furthermore, each decision by Plaintiffs and the Putative Class Members related to processing insurance claims had to be reviewed and approved by supervisors before becoming final.

40. Plaintiffs and the Putative Class Members did not perform work that is directly related to the management of general business operations of American Family.

41. Instead, Plaintiffs and the Putative Class Members performed work directly related to the production side of American Family's business—that is, they assist in the processing of insurance claims made by American Family's customers.

42. Plaintiffs and the Putative Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

43. Plaintiffs and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

44. Plaintiffs and the Putative Class Members were not responsible for setting schedules or rates of pay.

45. Plaintiffs and the Putative Class Members could not deviate from American Family's requirements or instructions without permission.

46. Plaintiffs and the Putative Class Members typically worked approximately fifty (50) to sixty (60) hours per week, which time was necessary to complete their duties.

47. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

48. Although Plaintiffs and the Putative Class Members regularly worked 10-20 hours per week in excess of (40) hours, they never received overtime compensation.

49. American Family denied Plaintiffs and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

50. Plaintiffs and the Putative Class Members are non-exempt employees under the FLSA.

51. Although it is well-known that production-side employees like Plaintiffs and the Putative Class Members are not exempt from overtime, American Family did not pay Plaintiffs and

the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

52. American Family applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiffs and the Putative Class Members consisted of non-exempt work.

53. Because American Family did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, American Family's pay policies and practices violated the FLSA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.**   **FLSA COVERAGE**

54. Paragraphs 1–54 are fully incorporated herein.

55. The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER PHYSICAL DAMAGE ADJUSTERS WHO WORKED FOR AMERICAN FAMILY MUTUAL INSURANCE COMPANY ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 17, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

56. At all times hereinafter mentioned, American Family has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

57. At all times hereinafter mentioned, American Family has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

58. At all times hereinafter mentioned, American Family has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it has had employees engaged in the operation of an insurance company and commerce or in the production of goods for commerce, or employees handling, selling,

or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that it has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

59. Specifically, American Family operates numerous office sites across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

60. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by American Family, these individuals provided services for American Family that involved interstate commerce for purposes of the FLSA.

61. In performing the operations described above, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

62. Specifically, Plaintiffs and the FLSA Collective Members were non-exempt Physical Damage Adjusters who assisted American Family's customers and employees throughout the United States. 29 U.S.C. § 203(j).

63. At all material times, Plaintiffs and the FLSA Collective Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

64. The proposed class of similarly situated employees (the FLSA Collective) sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 52.

65. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of American Family.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

66. American Family violated provisions of Sections 7 and 15 of the FLSA (29 U.S.C. §§ 207, and 215(a)(2)) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

67. Moreover, American Family knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

68. American Family knew or should have known their pay practices were in violation of the FLSA.

69. American Family is a sophisticated party and employer, and therefore knew (or should have known) its pay policies violated the FLSA.

70. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted American Family to pay them according to the law.

71. The decision and practice by American Family to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

72. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of American Family's employees who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

75. Other similarly situated employees of American Family have been victimized by American Family's patterns, practices, and policies, which are in willful violation of the FLSA.

76. The FLSA Collective Members are defined in Paragraph 55.

77. American Family's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of American Family, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

78. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

79. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

80. All of the FLSA Collective Members—regardless of their exact job titles, job requirements, rates of pay, or job locations—are entitled to overtime wages for all hours worked in excess of forty (40) each week.

81. Although the issues of damages may be somewhat individualized, they are subject to calculation in the same manner, and they do not detract from the common—if not identical—nucleus of liability facts.

82. Absent a collective action, many members of the proposed FLSA collective will likely not obtain redress of their injuries, and American Family will retain the proceeds of its violations and profit from its misconduct.

83. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

84. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 55 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

85. Plaintiffs respectfully pray for judgment against American Family as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 55 and requiring American Family to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding American Family liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding the costs of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      g.      For an Order awarding Plaintiffs Drummond and Carlson a service award as permitted by law;

      h.      For an Order compelling the accounting of the books and records of American Family, at American Family's expense, should discovery under the Rules prove inadequate; and

      i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 17, 2022      Respectfully submitted,

By: /s/ *Summer H. Murshid*
Summer H. Murshid, SBN 1075404

**Hawks Quindel, S.C.**
5150 N. Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: 414-271-8650
Fax: 414-207-6079
Email: smurshid@hq-law.com

*Local Counsel*

By: /s/ *Clif Alexander*
**Clif Alexander** (application *pro hac vice* forthcoming*)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (application *pro hac vice* forthcoming)
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiffs and the Putative Class Members*