DocuSign Envelope ID: 475B36C7-CE40-4F7E-BDB4-67E620211028

## Separation Agreement and Release of Claims

This is a Separation Agreement and Release of Claims ("Agreement") between American Family Mutual Insurance Company, S.I. ("American Family" or "Employer") and Gilbert M. Piotrowski ("Employee").

In exchange for execution of this Agreement, and for the purpose of fully and finally concluding all issues related to Employee's employment with American Family and the termination of that employment, American Family is offering Employee certain separation benefits. Therefore, in consideration of the mutual promises set forth in this Agreement, American Family and Employee agree as follows:

1. **Separation from Employment**. Employee's employment with American Family will terminate effective July 13, 2020 (the "Termination Date").

2. **Consideration for Agreement**. In consideration for Employee signing this Agreement and upon it becoming effective, American Family shall pay Employee one lump sum payment in the gross amount of $███████, less bonus withholdings and other applicable deductions pursuant to federal, state or local law. This payment is allocated as eight weeks of wages (███████████) and will be paid on the next regularly scheduled pay date following the Employee returning this signed document and the expiration of the revocation period described in Section 5.

3. **Release of Claims**. In exchange for the consideration set forth in this Agreement, Employee personally and on behalf of his/her heirs and assigns, hereby releases and forever discharges American Family, its current and former subsidiaries, officers, attorneys, successors, shareholders, directors, employees and agents (collectively known as "Releasees") from any and all causes of action, claims, liabilities or damages of any kind, whether presently known or unknown, asserted or unasserted, related directly or indirectly to Employee's employment with or termination of employment at American Family, ("Released Claims"). The Released Claims include, but are not limited to any discrimination, retaliation or other employment-related claim including, without limitation, those under Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, the Equal Pay Act, the Americans with Disabilities Act, all applicable amendments to such acts, and any claim under similar state or local law including, but not limited to, (a) any state and federal Family and Medical Leave Acts; (b) any wrongful discharge claim; (c) any claim based on breach of any alleged contract; (d) state and federal laws regarding layoffs; (e) any claim based on any tort, such as negligence, invasion of privacy, defamation, fraud, and infliction of emotional distress; (f) and any wage dispute. Employee and his/her attorneys expressly waive any right to attorney's fees or legal costs which have been incurred or may possibly be incurred in relation to all Released Claims. Employee agrees to not commence legal action with regard to any of the Released Claims.

DocuSign Envelope ID: 475B36C7-CE40-4F7E-BDB4-67E620211028

4. **Claims Not Waived**. Employee understands that by signing this Agreement, Employee does not waive: (a) any claim for compensation for illness or injury or medical expenses under any worker's compensation statute; (b) any claim under any law or any policy or plan currently maintained by Employer that provides health insurance continuation or conversion rights; (c) any claim or charge that by law can't be waived.

5. **ADEA Release**. In exchange for the consideration set forth in this Agreement, Employee specifically waives any claims he/she may have under the Age Discrimination in Employment Act of 1967. Employee does not waive any rights or claims that may arise after the effective date of this Agreement. Employee represents and acknowledges that he/she has been made aware of the following: (a) he/she has twenty one (21) days from delivery of this Agreement to sign this Agreement (although he/she may sign prior to that date if desired); and (b) he/she has seven (7) days after signing this Agreement to revoke it. If Employee elects to revoke this Agreement, Employee must deliver written notice of the revocation to American Family Insurance, 6000 American Parkway Madison, WI 53783 Attn: Bill Knollenberg Employee Relations Specialist. This Agreement shall not be effective or enforceable until the revocation period has expired.

6. **Acknowledgement of Consideration.** Employee acknowledges that he/she will receive benefits or other consideration under this Agreement to which he/she would not have been entitled if he/she had not signed this Agreement and that American Family has agreed to provide the consideration only if he/she signs this Agreement and waives the claims described in it.

7. **Purpose**. The parties agree that the purpose of the terms and the offer of consideration set forth in this Agreement are solely to conclude finally all issues related to Employee's employment with American Family and the termination of that employment. Nothing in this Agreement shall be construed as an acknowledgment or admission by American Family of any liability to Employee of any wrongdoing under federal, state or local law.

8. **Governing Law**. This Agreement shall be construed and governed by the laws of the State of Wisconsin without regard to the conflict of laws.

9. **Employee Acknowledgements**. Employee acknowledges that he/she has read this Agreement, understands that it includes a waiver of all Released Claims, and voluntarily agrees to the conditions and obligations set forth in this Agreement. American Family advises Employee to consult with an attorney before signing this agreement, and Employee acknowledges that he/she has had the opportunity to do so.

10. **Entire Understanding**. This Agreement constitutes the entire and complete understanding between American Family and Employee. No other promises or agreements shall be binding unless signed by these parties. Except as otherwise expressly stated in this Agreement, this Agreement supersedes all prior agreements,

DocuSign Envelope ID: 475B36C7-CE40-4F7E-BDB4-67E620211028

understandings, and practices concerning Employee's employment with American Family and the termination of that employment, including, but not limited to, any American Family personnel documents, handbooks, or policies and any prior customs or practices of American Family.

11. **Provisions Severable.** Employee understands that the provisions of this Agreement are to be considered separate and should any provision of this Agreement be determined to be invalid, illegal or unenforceable by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not affect the other provisions of the Agreement, which shall remain in full force and effect.

12. **Voluntary Agreement.** Employee acknowledges that he/she has entered this Agreement voluntarily and was in no way coerced to enter into this Agreement. Employee further acknowledges that he/she is fully aware of the contents of this Agreement and its binding effect.

13. **Confidentiality**. Employee agrees to keep both the existence and terms of this Agreement confidential and not to reveal its contents to any persons or entity (including former and current employees of American Family or its affiliates), except for his/her attorneys or financial planning professionals. Employer agrees to keep both the existence and terms of this Agreement confidential and not to reveal its contents to any persons or entity except for its attorneys and individuals with a business need to know.

Because a breach of this provision would result in damages that are uncertain and difficult to prove, and because the sum of Five Thousand Dollars and No Cents ($5,000.00) is not greatly disproportionate to the loss likely to be incurred by American Family as a result of a breach, the Parties agree that in the event the Employee, his/her attorneys, his/her spouse, his/her professional financial adviser or tax preparer, or any person acting under the Employee's control or at his/her direction violates the confidentiality obligations of this Agreement, the Employee will be required to pay American Family the sum of Five Thousand Dollars and No Cents ($5,000.00) per violation as liquidated damages and not as a penalty in addition to and without limiting all other remedies American Family may seek to redress violations of the confidentiality agreement.  Nothing in this Agreement shall be deemed to prevent the Employee from disclosing this Agreement or its terms and conditions to the EEOC or other governmental agencies.

14. **Non-Disparagement**. Employee agrees not to make written or oral statements to any third parties about American Family or its present or former employees, that are disparaging or that may undermine the credibility or reputation of American Family or its present or former employees in the industry or community.

Because a breach of this provision would result in damages that are uncertain and difficult to prove, and because the sum of Five Thousand Dollars and No Cents ($5,000.00) is not greatly disproportionate to the loss likely to be incurred by American Family as a result of a breach, the Parties agree that in the event the Employee, his/her attorneys, his/her spouse, his/her professional financial adviser or tax

DocuSign Envelope ID: 475B36C7-CE40-4F7E-BDB4-67E620211028

preparer, or any person acting under the Employee's control or at his/her direction violates the confidentiality obligations of this Agreement, the Employee will be required to pay American Family the sum of Five Thousand Dollars and No Cents ($5,000.00) per violation as liquidated damages and not as a penalty in addition to and without limiting all other remedies American Family may seek to redress violations of the confidentiality agreement. Nothing in this Agreement shall be deemed to prevent the Employee from disclosing this Agreement or its terms and conditions to the EEOC or other governmental agencies.

15. **No Admission of Liability.** Employee agrees that neither this Agreement nor any of its terms or conditions constitute or should be construed as an admission of liability or wrongdoing on the part of the Released Persons and Entities.

16. **Existing Agreements.** Employee acknowledges he/she previously executed an Employee Agreement on Confidential Information, Trade Secrets, and Inventions Agreement ("Non-Disclosure Agreement"). Employee acknowledges that the Non-Disclosure Agreement survives termination of his/her employment and is in full force and effect according to its terms.

17. **Enforceability**. The parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement. Any breach of Employee's obligations under this Agreement shall result, in addition to any other remedies available to Employer, in a forfeiture of all paid and unpaid amounts under this Agreement.

Dated: 7/13/2020

*DocuSigned by:* *[signature]*
6DD2943C35B4489...
Gilbert M. Piotrowski

Dated: 7/20/2020

*DocuSigned by:* **Bill Knollenberg**
907B627BA26E485...
American Family Mutual Insurance Co., S.I.

Exhibit A, Page 4