UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | | |
|---|---|---|
| ROBERT L. DRUMMOND<br>and JAN A. CARLSON,<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, S.I.<br><br>*Defendant.* | § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-00338-<br>WMC-SLC<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b) |

**REPLY IN SUPPORT OF PRE-DISCOVERY MOTION FOR CONDITIONAL CERTIFICATION AND COURT SUPERVISED NOTICE TO PUTATIVE CLASS MEMBERS PURSUANT TO 29 U.S.C. § 216(b)**

Plaintiffs Robert L Drummond and Jan A. Carlson, individually and on behalf of all others similarly situated, file this Reply in Support of their Pre-Discovery Motion for Conditional Certification and Court Supervised Notice to Putative Class Members Pursuant to 29 U.S.C. § 216(b), and will respectfully show that they have more than met the lenient standard for conditional certification and Defendant American Family Mutual Insurance Company, S.I. ("American Family" or "Defendant") has not raised any valid arguments to the contrary.

### I. SUMMARY OF REPLY

Company-wide misclassification cases—like this one—are perfectly suited for collective treatment. Plaintiffs have presented ample evidence that they are similarly situated to the Putative Collective Members, as defined in their Motion, as a result of Defendant's company-wide misclassification of its Physical Damage Adjusters ("Adjusters") as exempt employees. To date, nine former Adjusters have filed their written consent forms in this matter, and five (5) Plaintiffs provided

detailed and specific written declarations supporting their claims. Together, they have provided evidence that they are similarly situated in terms of job duties, hours worked, compensation, and most importantly, their (mis)classification as employees exempt from the protections of the Fair Labor Standards Act ("FLSA"). *See* ECF No. 17. More importantly, however, they have presented compelling and credible evidence that other similarly situated employees exist who should receive notice of this lawsuit so they may determine whether to opt-in as party plaintiffs. *See id.*

Defendant obfuscates the issue by raising improper merits-based arguments and relying on generic "releases" unsanctioned by either a court or the Department of Labor ("DOL"). Defendant largely ignores Plaintiff's strong showing in favor of conditional certification, and instead raises frivolous arguments that are either (a) incorrect, or (b) premature. Specifically, Defendant is simply incorrect in arguing that a severance agreement purportedly signed by Plaintiffs and certain opt-in Plaintiffs releases their FLSA claims against it. The remainder of Defendant's arguments against conditional certification are wholly based on the merits of Plaintiff's claims and are inappropriate for consideration at this time. Likewise, Defendant's objections to Plaintiffs' proposed Notice and Consent Form and Notice Protocol are without merit and should be overruled in their entirety.

## II.    ARGUMENT & AUTHORITY

**A.    The Existence of Prior Severance Agreements Are Immaterial to both Conditional Certification and Plaintiffs' Ultimate FLSA Claims Against Defendant.**

District courts in the Seventh Circuit routinely recognize that private settlements of overtime claims are subject to court approval. *C.f.,* B*rooks v. Sherman Phoenix LLC*, No. 20-CV-35-PP, 2021 WL 977071, at *1 (E.D. Wis. Mar. 16, 2021) (recognizing that district courts in the Seventh Circuit routinely require court approval for stipulated agreements under the FLSA) (citing *Rambo v. Global Diversified, Inc., et al.*, No. 4:20-cv-04212-SLD-JEH, 2021 WL 262556, at *1, n.2 (C.D. Ill. Jan. 26, 2021). Defendant ignores well-settled black-letter law, including decades of jurisprudence (and the statutory text of the FLSA itself), to contend that the severance agreements Plaintiffs and certain Opt-In

Plaintiffs signed are sufficient to release their FLSA claims against it. Ironically, the same case Defendant relies on to argue Plaintiff's claims are released expressly holds the opposite.[1] *See generally Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986). Not only does *Walton* **not** support Defendant's stated position, it provides a thorough and considerate analysis as to why Defendant's argument *must* fail. *See id.* at 306. *Walton* involved a private FLSA settlement negotiated and overseen directly by the DOL. *See id.* The distinction that Defendant failed to acknowledge is that the FLSA specifically authorizes the DOL to oversee private settlements for overtime and minimum wage. *See* 29 U.S.C. § 216(c). However, absent direct DOL oversite, the Seventh Circuit has not recognized private settlements of a plaintiffs claims under the FLSA.

Indeed, in reviewing the legislative history of the FLSA, the Seventh Circuit provided the following discussion:

> Ordinarily there would be no need for a statute allowing settlement of a dispute between employer and employees—people may resolve their own affairs, and an accord and satisfaction bars a later suit. Yet the Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages. Courts therefore have refused to enforce wholly private settlements. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Yet a prohibition of settlement ensures costly litigation, even though the parties might be able to compromise their dispute without subverting the principles of the statute. Section 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly.

*Walton,* 786 F.2d at 306. Here, it is undisputed that the DOL had no role in the implementation of the purported severance agreement between the parties. Because the severance agreement was not

---

[1] Defendant raised the same faulty arguments regarding the effect of a release in a similar companion case also pending before the Western District of Wisconsin, Madison Division. *See Loch v. American Family Mutual Insurance Company, S.I,* No. 3:22-cv-213-JDP, ECF No. 31, p. 7–11 (W.D. Wis. Aug. 10, 2022). Although Plaintiff Loch's reply explained Defendant's faulty analysis in that case, Defendant trotted out the same failed arguments based on the same inapplicable authority here. It is clear that Defendant cannot make a viable argument that the releases it touts have any meaning in the FLSA context.

supervised by the DOL or otherwise approved by a court of competent jurisdiction after the litigation of a *bona fide* dispute—it simply cannot release or otherwise diminish a Plaintiff's claims under the FLSA.

None of the other authority cited by Defendant improves their position, although it does call into question Defendant's understanding of the FLSA's procedural requirements. Indeed, the other cases cited by Defendant all involve motions to approve FLSA settlements drafted by represented parties after contested litigation. *See* ECF No. 19, p. 9. Although Defendant boldly states that "other courts routinely offset prior payments by employers to FLSA plaintiffs against any FLSA damage award, including payments made pursuant to a prior settlement agreement and release[ ]" it failed to cite to even one supporting authority. *See id.* Instead, Defendant cites to *Lenzner v. Von Briesen & Roper SC*, but wholly fails to acknowledge that in *Lenzner,* the court was simply approving the settlement agreement provided by the Parties, *not* weighing in on whether a plaintiff could release claims in a private settlement. No. 21-CV-133-PP, 2022 QL 1692054, at *1 (E.D. Wis. May 26, 2022). The same is true in *Weckesser v. Knight Enterprises S.E., LLC*, where the court was presented with a motion to approve a negotiated settlement between two represented parties—not to determine that an unrepresented party to a severance agreement offset or released her FLSA claims. 402 F. Supp. 3d 302, 305 (D.S.C. 2019). *Sanchez v. RM Wireless, Inc.* likewise involves a motion to approve an FLSA settlement. *See* No. 6:17-cv-178ORL22TBS, 2018 WL 3650199, at *2 (M.D. Fla. Apr. 16, 2018). Because FLSA claims in the Seventh Circuit cannot be released or resolved privately via a severance agreement between unrepresented parties, the release in the severance agreement is immaterial to Plaintiffs' FLSA claims. The only authority cited by Defendant only supports that well-established principle.[2] As such, the existence of a severance agreement has no bearing on either conditional

---

[2] Defendant's arguments for "offset" also wholly miss the mark. Defendant cites to *Mercer v. Palm Harbor Homes, Inc.* No. 8:05-cv-1435T30TGW, 2005 WL 3019302 (M.D. Fla. Nov. 10, 2005) for the purported proposition that "consideration not tied to wages may offset potential FLSA damages." *See* ECF No. 31, p. 9.

certification, the eventual make-up of the collective, or Plaintiffs' ability to recover 200% of their unpaid overtime compensation.

**B.    Defendant Misstates the Applicable Lenient Standard in Lodging its Wholly Merits-Based Arguments Against Conditional Certification**

"Courts apply the similarly situated requirement 'leniently' and 'typically' conditionally certify a representative class. *Slaughter v. Caidan Mgmt. Co.*, LLC, 317 F. Supp. 3d 981, 988 (N.D. Ill. 2018) (quoting *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010)). Defendant disregards Plaintiffs' detailed and consistent evidence that they, the Opt-In Plaintiffs, and the Adjusters are similarly situated for the purposes of conditional certification, and instead argues (without authority) that a more rigorous standard should be applied.

Specifically, Defendant argues that the Court should review its evidence, look to extraneous facts, that if true upon further development could make maintaining a collective improper, and consider three factors identified in *Schilling v. PGA, Inc.*, 293 F. Supp. 3d 832 (W.D. Wis. 2018). Unfortunately, the authority Defendant relies on does not support its position, is not applicable to FLSA collective actions, and/or has already been rejected by this Court.[3] For example, Defendant relies on *Freeman v. Total Security Management-Wisconsin, LLC* to support its contention that the "Court

---

Again, upon an actual review the *Mercer* case, it provides no support for Defendant's position. Instead, *Mercer* involved the defendant's availability of a counterclaim for damaged property to offset a claim made under the FLSA. *See generally Mercer*, 2005 WL 3019302, at *2. It had nothing to do with "consideration" and everything to do with damages. *See id.* (finding no independent jurisdictional grounds are required for the defendant's counterclaim because a set-off is a well[-]recognized exception to the independent jurisdictional requirement for permissive counterclaims when used solely to defeat or reduce recovery and does not seek affirmative relief).

[3] Defendant's reliance on *Schilling* is misplaced—it involved a class action pursuant to Federal Rule of Civil Procedure 23. Likewise, Defendant's reliance on *Bigger v. Facebook, Inc.*, 947 F.3d 1043 (7th Cir. 2020) is misplaced because its holding was limited to the arbitration context—not Defendant's argument regarding its private releases. Finally, Defendant's reliance on *Basco v. Wal-Mart Stores, Inc.*, No. CIV.A. 00-3184, 2004 WL 1497709 (E.D. La. July 2, 2004) and *Anderson v. Wells Fargo Fin., Inc,*, No. 4:11-CV-00085, 2012 WL 12871956, at *6 (S.D. Iowa Dec. 11, 2012) is also misplaced as they were both cases in which conditional certification was sought after significant discovery had been performed.

need not turn a blind eye to a defendant's evidence. *See* ECF No. 19, p. 5. However, a careful reading of *Freeman* requires the opposite conclusion.

> Conditional certification is typically made only on the basis of the plaintiff's allegations and supporting sworn statements. Courts need not consider rebuttal evidence submitted by the defendant. *See id.* at 606 ("[t]he proper focus at this stage is on plaintiff's submissions"); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224 (W.D.N.Y. 2006) (rejecting contradictory affidavits from defendants at notice stage). Courts may consider such defendant-submitted evidence, but should give it dispositive weight only where the plaintiff's showing is already very weak. *E.g., West v. Border Foods, Inc.*, Civil No. 05–2525 (DWF/RLE), 2006 WL 1892527, 2006 U.S. Dist. LEXIS 46506, at *7 (D. Minn. July 10, 2006) ("[N]either the remedial purposes of the FLSA, nor the interests of judicial economy, would be advanced if we were to overlook facts [supplied by a defendant] which generally suggest that a collective action is improper."). When courts choose to consider contradictory evidence at the conditional certification stage, all disputed issues of fact are decided in favor of the plaintiff. *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278–79 (D.Minn.1992).

*Freeman*, No. 12-CV-461-WMC, 2013 WL 4049542, at *5 (W.D. Wis. Aug. 9, 2013). Here, Plaintiffs' showing is strong that they, and Defendant's other Adjusters, are similarly situated for purposes of conditional certification. Although this Court cited *West v. Border Foods, Inc.* in its opinion in *Freeman*, it later distinguished it in *Berndt v. Cleary Building Corp*—however, in both cases, this Court conditionally certified the collective action for purposes of sending notice and participating in collective-wide discovery. *See id.; Berndt,* No. 11-CV-791-WMC, 2013 WL 3287599, at *9 (W.D. Wis. Jan. 25, 2013). In *Berndt,* this Court determined:

> At the conditional certification stage—and particularly as here, where plaintiffs have been allowed very little discovery—all that is required of a plaintiff is to "demonstrate a reasonable basis for believing that she is similarly situated to potential class members." *Austin v. CUNA Mut. Ins. Soc*, 232 F.R.D. 601, 605 (W.D.Wis.2006) (emphasis added). *See also Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826, 2007 U.S. Dist. LEXIS 95439, at *17 (N.D. Cal. Apr. 1, 2011) ("Plaintiffs must 'make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision.... The 'substantial allegations' requirement is met where the plaintiffs show that there is some factual basis beyond the mere averments in their complaint for the class allegations.").
>
> On plaintiff's proffered evidence, it would be at least reasonable to infer that there may have been a common plan, policy or instruction linking the regions together, rather than just a series of "violations stemming from the enforcement decisions of individual supervisors." *Adair*, 2008 WL 4224360, at *7; *Accord Gambo v. Lucent Tech.,*

> *Inc.*, No. 05 C 3701, 2005 WL 3542485, at *5 (N.D. Ill Dec. 22, 2005) ("Perhaps the investigation and analysis required to determine whether particular opt-ins are similarly situated, so as to fairly proceed to judgment in a collective action, ultimately will prove to be sufficiently unwieldy or cumbersome that a collective action will not be appropriate in some or any form. But that does not, under relevant caselaw, mean that notice may not fairly issue under the more lenient step one FLSA analysis."). Accordingly, the court will certify a company-wide class of foremen and will permit company-wide discovery.

*Berndt*, 2013 WL 3287599, at *9.

Here, Plaintiffs seek to certify a class of "all current and former Physical Damage Adjusters who worked for American Family Mutual Insurance, anywhere in the United States, at any time from June 17, 2019, through the final disposition of this matter." *See* ECF No. 16. In support of conditional certification, Plaintiffs rely on the pleadings and the five (5) detailed declarations. Specifically, those declarations detail the job description for the putative class members, discuss the number of hours a week typically worked, and provide evidence that the putative class members are all classified as exempt from the provisions of the FLSA. *See* ECF Nos. 17-1 through 17-5.

As addressed in Plaintiffs' motion for conditional certification, and as previously recognized by this Court, misclassification cases are "primed" for conditional certification because "liability hinges on a legal argument common to all" collective members. *Freeman*, 2013 WL 4049542, at *5 (utilizing misclassification cases as an exemplar of cases "primed" for collective treatment). *See also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006); *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007). In a misclassification case like this one, "conditional certification is appropriate 'where the plaintiffs made a modest factual showing that the nature of the work performed by all class members is at least similar to their own.'" *Kleinhans v. Greater Cincinnati Behav. Health Servs.*, No. 1:21-CV-70, 2021 WL 5048399, at *3 (S.D. Ohio Nov. 1, 2021). Here, Plaintiffs have done so. *See generally* ECF No. 17.

Based on Plaintiffs' showing that Defendant (mis)classified its Adjusters as exempt—a position not denied, and in fact embraced by Defendant in its Response—there is ample evidence to

support the conditional certification of a company-wide collective. *See* ECF No. 19, p. 2 (citing merits-based authority in support of its contention that insurance adjusters are properly classified as exempt employees).

> Where an apparent company-wide policy is behind the alleged FLSA violations, the plaintiff seeking certification for a company-wide class action should not be required to collect specific violations from each location or from each state before seeking authorization to provide notice to employees from all locations. In this case, because there appears to be no difference among sales representatives' job description or the applicability of defendant's apparent company-wide policy across the nation, there is no reason to limit the class.

*See Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 631 (W.D. Wis. 2009). Here, it is Defendant's internal classification itself that Plaintiffs challenge as violating the FLSA—not the actions of individual supervisors or managers that Defendant could reasonably argue differ by location. Conditional certification of a company-wide collective is appropriate and warranted based on the facts before the Court.

**C.   This Court May Consider Plaintiffs' Declarations for Conditional Certification—The Rigor Required for Summary Judgment Evidence Is Not Appliable.**

Defendant challenges Plaintiffs' declarations as conclusory, similar, and containing inadmissible hearsay. Plaintiffs noted that their detailed and fact specific declarations are far from conclusory, and instead provide significant detail in support of their claims. *See generally* ECF Nos. 17-1 through 17-5. While the declarations are similar, it is only to the extent they must be—as Plaintiffs are similar to each other. *See id.* While some portions of Plaintiffs' declarations include hearsay statements, many courts in this Circuit have determined that strict application of the Federal Rules of Evidence is unnecessary at the early, pre-discovery, conditional certification stage.

> Courts in the Seventh Circuit have split over whether hearsay evidence is admissible at the collective action certification stage. However, several district courts have held that a representative plaintiff may rely on hearsay at the conditional certification stage. *See, e.g., Molina*, 566 F. Supp. 2d at 789 n. 20 ("Even if this testimony is hearsay that could not be considered at trial, it may be considered in deciding whether to permit a collective action."). After reviewing case law espousing both positions, this Court agrees with the courts that allow hearsay evidence at the collective action certification

stage. At this preliminary stage, and for these preliminary purposes, the hearsay evidence in the Plaintiffs' affidavits is admissible.

*E.g., Crank v. K2 Drywall Inc.*, No. 2:09-CV-253-WTL-WGH, 2010 WL 11566408, at *2 (S.D. Ind. Mar. 1, 2010). Moreover, in this case, even absent any hearsay statements—Plaintiffs' evidence still overwhelmingly supports conditional certification.

**D.     Defendant's Objections to Plaintiffs' Proposed Notice Protocol Must Be Overruled.**

Defendant objects to sending the Notice and Consent Form to the Putative Collective Members via First Class mail, email, and text message, the length of the Notice Period, the issuance of a "reminder" notice half-way through the Notice Period, and the stated definition of the collective. Importantly, Defendant failed to object to the form and/or content of the Notice itself.

**1.     Plaintiffs' Notice Distribution Methods Are Regularly Approved and Reflect the Manner in Which People Communicate in the Twenty-First Century**

Issuance of the Notice and Consent form via multiple dissemination methods is the standard in FLSA collective actions. As stated in their Motion, dissemination through three trusted delivery methods (U.S. postal mail, email, and via text-message) is necessary to ensure the Notice and Consent Form are received. *See Waller v. AFNI, Inc.*, No. 20-CV-1080-JES-JEH, 2020 WL 6694298, at *5 (C.D. Ill. Nov. 13, 2020) (stating "[i]n an increasingly mobile society … people throughout the U.S. communicate and check their text messages much more often than traditional mail or even email, which may include multiple accounts"). Sending notice via multiple methods furthers the broad remedial goals of the FLSA. *See Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016) (recognizing that sending notice by multiple methods advances the remedial purpose of the FLSA by increasing the likelihood that all potential opt-in plaintiffs will receive the notice).

**2.     90-Day Notice Periods Are Common and Regularly Approved**

Plaintiffs have requested a 90-day Notice Period during which the Putative Collective Members can return their written consent to be party plaintiffs in this action. Defendant objects that

ninety (90) days is "excessive." Plaintiffs note that 90-day Notice Periods are not excessive—instead, they are common and typically approved by district courts in the Seventh Circuit. *See, e.g., Waller*, 2020 WL 6694298, at *6 ("Courts routinely approve 90–day opt-in periods in collective actions, including FLSA claims. Accordingly, Defendant's request to shorten Plaintiff's proposed 90-day notice period is denied.")

### 3. Reminder Notice Is Helpful and in Line with the FLSA's Broad Remedial Purpose

Plaintiffs ask to send their reminder notice via email and text message, half-way through the Notice Period. This reminder will merely provide the Putative Collective Members who are interested in joining with a reminder that their deadline for joining this action is expiring. Life is hectic, people are busy, and a limited reminder to jog a Putative Collective Members' memory is appropriate. *Knox*, 208 F. Supp. 3d at 964 ("reminder notices merely acknowledge that people lead busy lives and may forget about returning consent forms with a seemingly distant deadline").

### 4. Statute of Limitation Clarification

The stated time-period in the Collective Definition extends three years before the suit was filed—as it must to capture *all* claims before this Court—including the claims of the Named Plaintiffs and the pre-notice Opt-In Plaintiffs. Plaintiffs seek to send notice, however, to only those individuals who have worked for Defendant at some point in the three years before this Court enters an order on the issue of certification. Plaintiffs are not asking to send notice to individuals who would otherwise be barred by the statute of limitations. Defendant's objection to the collective definition itself is misplaced.

### III. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their Pre-Discovery Motion for Conditional Certification and Court Supervised Notice to Putative Class Members Pursuant to 29 U.S.C. § 216(b).

Date: October 21, 2022     Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Locke Henry** *(Admitted Pro Hac Vice)*
Texas Bar No. 24118408
locke@a2xlaw.com
**Carter T. Hastings** *(Admitted Pro Hac Vice)*
Texas Bar No. 24101879
carter@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

By: /s/ *Summer Murshid*
**Summer Murshid**
Wisconsin Bar No. 1075404
smurshid@hq-law.com
**HAWKS QUINDEL, S.C.**
5150 N. Port Washington Road, Ste 243
Milwaukee WI, 53217
Telephone: (414) 271-8650
Facsimile: (414) 207-6079

*Counsel for Plaintiffs and the Putative Collective Members*

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Wisconsin using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander
