IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. DRUMMOND and
JAN A. CARLSON, individually and on behalf of all
others similarly situated,

                Plaintiffs,                OPINION and ORDER

   v.

                                            22-cv-338-wmc

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I.,

                Defendant

---

      Plaintiffs Robert Drummond and Jan Carlson contend that their former employer, American Family Mutual Insurance Company, violated the Fair Labor Standards Act and state law by misclassifying its "physical damages adjusters" as exempt and failing to pay them an overtime premium for hours they worked over 40 in a workweek. Plaintiffs move for conditional certification of a collective action under 29 U.S.C. § 216(b), and they ask the court to approve a notice to the collective. (Dkt. #16.) For the reasons explained below, the court will grant the motion but require plaintiffs to submit a revised notice that corrects defects identified by the court in this order.

OPINION

**A. Legal standard**

      Section 216(b) of the FLSA authorizes plaintiffs to bring "collective actions" against employers to recover unpaid compensation for themselves and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Many courts, including this one, apply a two-step approach to certifying collective actions. The first step is conditional certification, which

requires the plaintiffs to make a "modest factual showing" that they and potential collective members were subject to a common policy or plan that violated the law. *De Leon v. Grade A Constr. Inc.*, No. 16-cv-348, 2017 WL 1957537, at *2–3 (W.D. Wis. May 11, 2017); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 628–29 (W.D. Wis. 2009). The inquiry focuses on "whether potential plaintiffs are sufficiently similar to believe a collective action will facilitate efficient resolution of a legal dispute involving claims [that] share common questions and common answers." *Holmes v. Sid's Sealants, LLC*, No. 16-cv-821, 2017 WL 5749684, at *2 (W.D. Wis. Nov. 28, 20 17) (internal quotations omitted). This is a relatively liberal standard, and it typically results in conditional certification of a representative class. *De Leon*, 2017 WL 1957537, at *2–3.

At the second step, the defendants may move for decertification, at which point the court determines whether the plaintiffs are in fact similarly situated to those who have opted in. *Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 358 (W.D. Wis. 2014). At that stage, the court applies a standard similar to class certifications under Federal Rule of Civil Procedure 23. *Jones v. Cruisin' Chubbys Gentlemen's Club*, No. 17-cv-125-jdp, 2018 WL 1175412, at *2 (W.D. Wis. Mar. 6, 2018) (citing *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013)).

### B.  Proposed collective

Plaintiffs define the proposed collective as:  "All current and former physical damage adjusters who worked for American Family Mutual Insurance Company, anywhere in the

United States, at any time from June 17, 2019, through the final disposition of this matter." (Dkt. #17, at 1–2.)[1]

To show that the members of this collective are similarly situated, plaintiffs submitted their own declarations and the nearly identical declarations from three, other former employees. (Dkt. #17-1 to 17-5.) All of these employees worked as physical damages adjusters at American Family, with plaintiff Carlson working in Blaine, Minnesota, plaintiff Drummond in Waukesha, Wisconsin, and the other employees working in Milwaukee and Chicago. The declarations describe the job duties for physical damages adjusters, discuss the number of hours typically worked (50 to 60), and state that all of the physical damages adjusters at their American Family offices were paid a salary with no additional compensation for overtime hours. American Family generally challenges the declarations as conclusory, based on hearsay and insufficient to infer that all physical damages adjusters across the country were treated the same way during the period in question. However, in addition to daily communications with other physical damages adjusters in their offices, declarants state that their knowledge is based on their own personal experiences, the job description provided by American Family, and their personal observations of their coworkers. Moreover, American Family admits in its answer that it designated all physical damages adjusters as exempt from federal and state law requiring overtime compensation. (Dkt. #5, ¶ 2.) This admission, considered together with the five employee declarations, are sufficient to make the modest factual showing that American Family

---

[1] Although plaintiffs seek conditional certification of a collective from three years before the date they filed suit, they ask to send notice only to those putative collective members who worked for American Family within three years of the date of the order approving notice to the collective. (*Id.*, at n. 1.) They explain that the collective definition is intended to encompass the named plaintiffs' claims, while the notice will only be sent to individuals whose claims have not expired under the 3-year statute of limitations.

3

has a consistent, nationwide practice of classifying physical damages adjusters as exempt from overtime pay.

American Family also argues that the named plaintiffs are not similarly situated to the other potential members of the collective because some employees, including six employees who have opted into the class, executed voluntary separation agreements and released wage claims when they left American Family. In particular, in consideration for a lump sum payment, six opt-in plaintiffs specifically released "any wage dispute," as well as claims under the FLSA and "similar state or local law." (Dkt. 21-1 to 21-6.) Plaintiffs argue that the separation agreements are immaterial to conditional certification and the FLSA claims against American Family because the Seventh Circuit does not recognize private settlements of FLSA claims that are not approved by a court or overseen by the Department of Labor. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1351 (11th Cir. 1982)) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. . . Courts therefore have refused to enforce wholly private settlements."); *Brooks v. Sherman Phoenix LLC*, No. 20-CV-35-PP, 2021 WL 977071, at *1 (E.D. Wis. Mar. 16, 2021) ("The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval.").

Regardless, the validity and impact of the separation agreements likely will have to be addressed at a later stage in this case, but they do not bar conditional certification of a collective action. As American Family concedes, the named plaintiffs did not execute separation agreements, so there is no concern that they are not adequate representatives of the collective.

*See Loch v. American Family Mutual Insurance Company, S.I.*, No. 3:22-cv-213-jdp, Dkt. #35 (W.D. Wis. Mar. 3, 2023) (concluding that a nationwide collective of claims adjusters could be conditionally certified, but that plaintiffs needed to identify a new named plaintiff that did not sign a separation agreement and who could adequately the represent collective).  Since American Family's concern that payments attributable to released claims must offset any award received in this litigation are premature, such an offset can also be addressed at a later stage in the case.  Accordingly, the court concludes that conditional certification of the proposed collective is appropriate.

**C.  Proposed notice**

When a plaintiff shows that members of the collective are similarly situated, the court may authorize the plaintiff to send notice to members of the collective so that they may opt-into the case. *Zettler v. Thurs Trucking, Inc.*, No. 18-cv-654-jdp, 2019 WL 1929205, at *1 (W.D. Wis. Apr. 30, 2019).  Plaintiffs ask the court to approve their proposed notice, but there are a few, minor problems with the proposed notice that must be corrected.

First, the June 17, 2022, date in the class definition of the proposed notice is incorrect, and should be amended to the date three years before the court approves the notice.  Second, the notice fails to advise putative collective members of the binding effect of any future judgment—including trial or settlement—if they opt in to the collective.  Third, although the notice discusses legal representation, it does not discuss how class counsel will be paid.  Fourth, the opt-in period of 90 days, with a reminder notice to be sent to collective members after 45 days, is much longer than usually approved by the court, even for a nationwide collective.  An opt-in period of 60 days with a reminder notice to all individuals not submitting consent forms

30 days after the notice should be adequate. Fifth, plaintiffs seek to provide notice by first-class mail, email and text message. However, this court generally does not require disclosure of phone numbers for potential members of a collective action, as residential and email addresses should be adequate to provide notice to most potential opt-in plaintiffs. *Sharpe v. APAC Customer Servs., Inc.*, No. 09-cv-329-bbc, 2010 WL 135168, at *7 (W.D. Wis. Jan. 11, 2010); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009).

The court will give plaintiffs an opportunity to file a revised notice that corrects these problems and includes an appropriate plan for distributing notice to the potential collective.

## ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for conditional certification (dkt. #16), is GRANTED. The court conditionally certifies the following collective:

   All current and former physical damage adjusters who worked for American Family Mutual Insurance Company, anywhere in the United States, at any time from April 3, 2020, through the final disposition of this matter.

2. Plaintiffs may have until April 14, 2023, to file revised proposed notices. Defendant may have until April 28, 2023, to file any objections to the notice or to plaintiffs' request for information related to the issuing notice.

Entered April 4, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6