**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

---

**ROBERT L. DRUMMOND**
**and JAN A. CARLSON,**
**Individually and on behalf of all others similarly situated,**

    Plaintiffs,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,**

    Defendant.

Case No.: 22-CV-338

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' PROPOSED NOTICE OF COLLECTIVE ACTION LAWSUIT

1. On April 4, this Court directed Plaintiffs to correct "problems" in their proposed notice. (Doc. 23 at 6). Plaintiffs filed their revised notice on April 14. (Doc. 24). Although American Family agrees with Plaintiffs that the date for the class definition should be three years before the Court approves the notice, American Family objects to Plaintiffs' proposed notice for three reasons.

2. First, Plaintiffs' revised notice proposes a 60-day notice period. (Doc. 24 at 1). But they have not argued, let alone established, that "the putative plaintiffs are a transient population, or that due to vocation, they may not timely receive their mail." *Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 501 (D. Neb. 2009). As a result, "[f]orty-five days is sufficient time for putative plaintiffs to consider their options and, if desired, seek the assistance of outside counsel in deciding whether to join this lawsuit." *Id.*; *see also, e.g.*, *Williams v. Long*, 585 F. Supp. 2d 679, 692 (D. Md. 2008) (fixing a 30-day notice period). The Court should authorize an opt-in period of no more

1

than 45 days with no reminder. *See Loch v. American Family Mutual Insurance Company, S.I.*, No. 3:22-cv-213-jdp, Dkt. #35 at 8 (W.D. Wis. Mar. 3, 2023) ("An opt-in period of 45 to 60 days with no reminder notice is more typical.").

3. Second, even though "this Court generally does not require disclosure of phone numbers for potential members," (Doc. 23 at 6), Plaintiffs' proposed consent requests opt-ins' cellular and home telephone numbers, (Doc. 24 at 5). As this Court has already observed in this case, however, "residential and email addresses should be adequate to provide notice to most potential opt-in plaintiffs." (Doc. 23 at 6). Plaintiffs should not be permitted to request phone numbers. *See Loch*, No. 3:22-cv-213-jdp, Dkt. #35 at 8 ("[S]uch information is personal, the members of the collective are not yet parties to the case so their privacy must be protected, and residential and email addresses should be adequate to provide notice to most potential opt-in plaintiffs."); *Harvey v. AB Electrolux*, 857 F. Supp. 2d 815, 820 (N.D. Iowa 2012) (denying request for phone numbers because "there are legitimate concerns with improper solicitation, even unintentional, and privacy that counsel against providing telephone numbers without some showing that notice by first-class mail is actually insufficient").

4. Finally, this Court has previously declined to include a statement that Plaintiffs may be liable for costs if an employer prevails, so American Family does not request such a warning. *See, e.g.*, *Morgan v. Crush City Constr., LLC*, No. 19-CV-27-WMC, 2020 WL 42717, at *7 (W.D. Wis. Jan. 3, 2020). "[S]ection 16 of the FLSA . . . does not constitute 'an express provision' precluding the award of costs to a prevailing defendant." *Matthews v. Allis-Chalmers*, 769 F.2d 1215, 1219 (7th Cir. 1985); *see also* Fed. R. Civ. P. 54(d). Plaintiffs' proposed notice says that "[i]n no event will any Physical Damage Adjusters who joins [sic] this case owe any attorney's fees or *costs* if no back wages or overtime is received." (Doc. 24 at 3 (additional emphasis

2

omitted). If non-prevailing plaintiffs are in truth not required to pay both costs incurred by Plaintiffs' counsel in this litigation, as well as any costs taxed against Plaintiffs in the event American Family prevails in the litigation, American Family takes no issue with the proposed notice's statement. But Plaintiffs' counsel should confirm the statement's accuracy to the Court, and if inaccurate, the reference to costs should be stricken. *Cf. Espenscheid v. DirecStat USA, LLC*, No. 09-CV-625-BBC, 2010 WL 2330309, at *11 (W.D. Wis. June 7, 2010) (approving similar statement under "plaintiffs' fee agreement with counsel in which opt-in plaintiffs are not required to pay costs").

Defendant American Family respectfully requests that the Court enter an order rejecting Plaintiffs' proposed notice.

| | |
|---|---|
| Dated: April 28, 2023 | */s/ Brandon R. Underwood*<br>Bridget R. Penick (IA AT#6147)<br>Kendra D. Simmons (IA AT#26286)<br>Brandon R. Underwood (IA AT#12005)<br>**FREDRIKSON & BYRON, P.A.**<br>111 East Grand Avenue, Suite 301<br>Des Moines, IA 50309<br>Telephone: 515.242.8900<br>bpenick@fredlaw.com<br>ksimmons@fredlaw.com<br>bunderwood@fredlaw.com |
| Dated: April 28, 2023 | */s/ Joseph M. Sokolowski*<br>Joseph M. Sokolowski (MN #0178366) (*pro hac vice*)<br>**FREDRIKSON & BYRON, P.A.**<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402-1425<br>(612) 492-7000<br>jsokolowski@fredlaw.com |
| | ***Attorneys for Defendant*** |